KITTERINGHAM v. THE SIOUX CITY & PACIFIC RAILWAY CO.

1. **Expert Testimony:** ESTABLISHMENT OF NEGLIGENCE BY. Where the failure to have certain work done at a certain time is the negligence complained of, it is not competent to ask a witness as an expert when the work should be done. The witness should state the results accruing from delay in having the work done, and the jury should determine whether or not the delay shown in the case on trial constituted negligence.

2. **Railroads:** NEGLIGENCE IN REPAIRING CARS: EVIDENCE OF CUSTOM. Evidence as to the time when railway companies usually replace certain portions of their machinery is immaterial, when it is not shown that the custom has any relation to the avoidance of the kind of injury complained of.

3. ———: INJURY TO EMPLOYE: CONTRIBUTORY NEGLIGENCE: MEANS OF KNOWLEDGE. Where an employe of a railway company knew, or by the exercise of reasonable care could have known, of the company's negligence, whereby he claims to have been injured, and of which he complains, he was guilty of contributory negligence in incurring the danger, and he cannot recover for the injury so sustained.

4. ———: ———: EVIDENCE: INSTRUCTION. Where the evidence tended strongly to show that the injury complained of was the result, not of defendant's negligence, but of an ordinary cut, aggravated by a depraved condition of plaintiff's system, the court properly instructed that plaintiff could not recover, if the jury found that plaintiff's injury occurred by reason of the impurity of his blood.

5. ———: NEGLIGENCE: MEANS OF KNOWLEDGE. Where nothing has ever occurred to suggest to a railway company that there is any danger in a certain line of conduct, the company cannot be said to have had such means of knowledge of the alleged danger as to render it negligent in continuing in that line.

6. **Instruction:** CORRECT IN LAW BUT WRONG IN APPLICATION. An instruction which properly states the law, but which plaintiff claims was not applicable to the theory of his case, could work no prejudice to him, and is no ground of reversal on his appeal.

*Appeal from Woodbury District Court.*

SATURDAY, DECEMBER 8.

THE plaintiff alleges in his petition, in substance, that he was in the employment of defendant, performing the duties

of a helper in its machine shops, and that he was instructed by the defendant's master mechanic to remove the old brasses belonging to the boxing of certain car wheels and axles, which were covered over with poisoned grease, and that plaintiff was dangerously poisoned by the handling of such brasses, necessitating the amputation of the middle finger of his left hand, and resulting in the loss of the use of his left arm and hand. The plaintiff prays judgment in the sum of $5,000. There was a jury trial, resulting in a verdict and judgment for the defendant. The plaintiff appeals.

*Burnham, Hudson & S. H. Cochran*, for appellant.

*Joy & Wright*, for appellee.

DAY, CH. J.—I. The plaintiff introduced as a witness one John McKenzie, who testified that he repairs cars for a living, and had about seven years experience in greasing cars, but quit it about seven years ago, and that he is not now employed by the company, and has not been for some time, and that he knows about the substance formed on the boxing of car wheels, but does not know of any poisonous substance that is ever formed on the brasses of the boxes of the car wheels. The witness was then asked this question: "When ought they to be removed?" This question was objected to as incompetent and immaterial, and upon the ground that it is not shown that the witness is competent to judge. The objection was sustained, and this action is assigned as error. Appellant insists that "this question was propounded to show that the brasses should always be removed before they are worn as thin as a knife, before they become broken, or before the old axle grease burns into the broken brass, and thereby causes a poisonous substance, which failure to remove would constitute the elements of negligence." We think, however, that the proposed fact is not competent to be established by the opinion of a witness offered as an expert.

1. EXPERT testimony: establishment of negligence by.

The effects of allowing the brasses to become worn thin and broken should be shown. Then the jury would be competent to determine whether it was negligence to fail to remove them before such condition existed. To allow a witness to testify as an expert to such fact, would be to substitute the witness for the jury.

II. This same witness further testified that he knew the custom of railroads in removing these old brasses. He was then asked the following question: "What is the custom in reference to the time when they should be removed—before they get so they break, or afterward?" This question was objected to, and the objection was sustained. The custom of railroads as to the removal of the brasses before they break is not material. They might remove them before they become so thin as to break, for the purpose of preventing injury to the axles, or accidents to the train. The real question in this case is, do the brasses accumulate a poisonous substance if not removed before they become so thin as to break? The custom of railroads as to the time of removal could throw no light upon this question.

<span style="font-variant: small-caps">2. RAILROADS: negligence in repairing cars: evidence of custom.</span>

III. The appellant complains of the giving of the third instruction, as follows: "The main questions for you to determine herein, and to which your attention is directed, are as follows: 1. Was the plaintiff directed to go and remove, and did he go and remove, the brasses from the car wheels at River Sioux, in obedience to a direction of the master mechanic? 2. Were the brasses so removed, at the time of removal, poisonous? 3. If they were poisonous, then did the defendant, through its officers, whose duty it was to keep the cars in repair, have knowledge that the same were poisonous, or would said officers by the exercise of ordinary care have had such knowledge? 4. If the brasses were poisonous, then did plaintiff have knowledge that they were poisonous, or would he by the exercise of reasonable care have had such,

<span style="font-variant: small-caps">3. ——: injury to employe: contributory negligence: means of knowledge.</span>

knowledge? 5. If plaintiff was injured, then did his injury occur by reason of the impurity of plaintiff's blood? If you answer the first, second and third questions in the negative, then there can be no recovery for plaintiff. If you answer the fourth in the affirmative, there can be no recovery. If the fifth is answered in the affirmative, there can be no recovery." Appellant insists that the fourth division of this instruction is erroneous, in that it holds that, if the employe could have, by ordinary care, discovered the poisonous condition of the brasses, he cannot recover. Appellant also insists that the fourth instruction of the court is erroneous, which in substance directs the jury that plaintiff cannot recover if he knew, or by the exercise of that care with respect thereto which a reasonable man, under the same circumstances, would have exercised, could have known, that the brasses were poisonous. In support of this objection, appellant relies upon *Muldowney v. Illinois Central Railway Co.*, 36 Iowa, 462. The doctrine of this case was limited and explained in *Way v. Illinois Central Railway Co.*, 40 Iowa, 341. See also *Muldowney v. Illinois Central Railway Co.*, 39 Id., 615; *Money v. The Lower Vein Coal Co.*, 55 Id., 671. The instructions, in the matter complained of, are not erroneous.

Appellant also complains of the fifth sub-division of the third instruction. The evidence very strongly tended to show that the injury to plaintiff did not result 4. ——: ——: evidence: instruction. from any poisonous condition of the brasses, and to raise a strong presumption that it arose solely from an ordinary cut, in connection with a depraved condition of the plaintiff's system. The evidence strongly preponderates against the view that any poisonous substance accumulates upon the brasses before they are removed from the axles. No instance of poisoning from the brasses was shown, although the witnesses testified to the receiving of frequent cuts in the removal of the brasses. The injury to plaintiff, which was a small cut upon the finger, was inflicted

Kitteringham v. The Sioux City & Pacific Railway Co.

on Sunday. The finger did not become inflamed until Tues-
day. The plaintiff claims that his finger was poisoned by
verdigris on the brasses. The testimony of experts is that,
if verdigris is applied to a flesh wound, its action would be
immediate, and that if the wound was made upon the finger,'
and it did not become inflamed for two days, the verdigris
had nothing to do with it. The jury were fully authorized
to find from the testimony that the injury to plaintiff did
not at all result from any poisonous condition of the brasses.
The instruction complained of was both pertinent to the evi-
dence and proper. The twelfth instruction of the court is to
the same effect as the fifth sub-division of the third instruc-
tion, and, for the reasons already assigned, is proper.

IV. Appellant complains of an instruction given at the
request of defendant, as follows: "The jury are instructed
that the uncontrovertible testimony in the case
5. ——— : neg-
ligence:
means of
knowledge. discloses that defendant and its employes had no
knowledge of the existence of any poisonous sub-
stance on the said brasses in question, at the time of said
injury; and if, from the experience of defendant and its em-
ployes, as disclosed by the evidence, they had no cause or
reason to believe that there was any poisonous substance on
said brasses, there can be no recovery in this action." It is
said that this instruction assumes that the railroad company
must possess actual knowledge, when the law only requires
means of knowledge, and also assumes that the experience of
a railroad company will excuse any negligence that it may
be guilty of. The instruction is not vulnerable to the criti-
cism made. As already stated, the evidence strongly pre-
ponderates against the view that any poisonous matter accu-
mulates upon the brasses before their removal from the axles.
If nothing had ever occurred in the experience of defendant
to suggest the existence of such poisonous accumulation, it
did not possess such knowledge as would render it negligent
in not discovering the existence of poisonous matter on the
brasses in question.

V. Appellant assigns as error the giving of the follow-ing instructions: "In determining whether the defendant was negligent, you must consider the light and knowledge the defendant had at the time of the alleged injury; and if at that time it had no knowledge that there was any poisonous substance on the brasses in question, and by the exercise of ordinary care would not have had such information; and if there had been no injurious sub-stance in the use of such brasses prior to said alleged injury in the operation of defendant's railroad, then the defendant was not negligent." This instruction is clearly correct. Surely, the defendant was not negligent, if there had existed no injurious substance in the prior use of the brasses, and the defendant did not know, and by the exercise of ordinary care would not have known, that there was any poisonous substance on the brasses in question.

*THE SAME.*

VI. Appellant assigns as error the giving of an instruc-tion to the effect that the plaintiff cannot recover through or by reason of any negligence on the part of a co-employe of plaintiff, if the injury was not occa-sioned while the plaintiff was engaged in the operation of defendant's road, or in a manner connected with the operations of the road. It is not claimed that the instruction is in itself erroneous, but that it had no application to the case, because the action was not based upon the statute, but upon the theory of the master's liabil-ity to the servant. If this be true, the giving of the instruc-tion could have worked no prejudice.

*6. INSTRUC-TION: correct in law but wrong in ap-plication.*

VII. The appellant complains of the giving of the fol-lowing instruction: "If the jury find from the testimony that defendant used upon its cars the same kind of oil that was generally used upon the cars of railroad companies at the time of said alleged injury, and had no knowledge, and, by the exercise of ordi-nary care, would not have obtained any knowledge, that there was any poisonous substance on the brasses in question,

*7. RAILROADS: negligence: means of knowledge.*

then the plaintiff cannot recover." There is nothing whatever in the evidence to show that the oil used by defendant was impure, or that it might not be properly used. Appellant claims, however, that from this instruction the jury may have presumed that, if the oil used was not of itself poisonous, the company was not responsible. It is clear that this construction cannot properly be placed upon the instruction. The defendant's immunity is expressly made to depend upon its want of knowledge, or of the means of knowledge, in the exercise of ordinary care, that there was any poisonous substance upon the brasses. The instructions asked, so far as applicable and proper, are covered by the instructions of the court. The record discloses no error.

AFFIRMED.