Scott v. The Chicago, Milwaukee & St. Paul R'y Co.

1. **Pleading:** TWO CAUSES OF ACTION IN ONE COUNT: WAIVER: EVIDENCE. Where two causes of action were pleaded in one count, but no objection was made on that ground, but a motion to strike out matter which was material to one of the causes was overruled, and defendant then answered the petition as it stood, *held* that it waived the duplicity of the petition, and that it could not object that the court on the trial permitted evidence tending to establish both of the causes of action.

2. **Instructions:** PRACTICE.    It is not reversible error for the court, upon reading an instruction to the jury, to state orally that it is given at the request of the defendant.

3. **New Trial:** ERRONEOUS STATEMENTS OF LAW IN ARGUMENT TO JURY NO GROUND FOR.    The fact that counsel, in addressing the jury, stated propositions of law which were not sound, held no sufficient ground for a new trial.

*Appeal from Plymouth District Court.*

THURSDAY, MARCH 18.

ACTION to recover damages for cattle killed and injured by a train on defendant's road at a place where the right to fence existed, and also because the train was negligently operated, whereby said cattle were killed and injured. Trial by jury. Verdict and judgment for the plaintiff, and defendant appeals.

*Geo. E. Clarke*, for appellant.

*Wm. Hutchinson*, and *Argo, Kelly & Augir*, for appellee.

SEEVERS J.—I. The petition stated a cause of action grounded on the facts that the cattle were running at large, and were killed by a train on the defendant's road at a point were the right to fence existed; and a recovery was also sought because of the negligent and careless manner in which said defendant operated said line of railroad    *    *    *    at a place where it was the right and duty of the said defendant to erect a fence. It is also stated in the petition that the plaintiff was in no manner negligent, and that he did not contribute to the accident. These several matters or causes of action were stated in a single count, but no objection was made to the petition on this ground. The defendant, however, moved to strike from the petition the allegations stating that the road was negligently operated, and thereby the cattle were killed. This motion was overruled, and the defendant answered the petition. Counsel for the appellant in his argument concedes that, by answering over, the error, if one it was, in overruling the motion was waived. But it is insisted that evidence was introduced tending to establish the allegations as to negligence, and thereby the defendant was prejudiced, and that this

*Marginal note:* 1. PLEADING: two causes of action in one count: waiver: evidence:

constitutes reversible error. The plaintiff had the right to ask a recovery under the statute, because the road was not fenced, and to plead the facts entitling him thereto. He also had the right to set up in a separate count a cause of action entitling him to recover because of the negligent manner in which the train was operated, and he had the right to introduce evidence to sustain both of these causes of action. Therefore the court did not err in permitting such evidence to be introduced. If the facts stated in the petition would not entitle the plaintiff to recover, the defendant should have demurred, or by motion had the causes of action stated in different counts, and then assailed either or both by demurrer if the facts stated were legally insufficient. As the plaintiff had the legal right to introduce the evidence, it cannot be said that the defendant was legally prejudiced, as counsel claim, because of its supposed effect upon the other cause of action.

II. In the motion for a new trial, and as a ground therefor, it was stated that counsel for the plaintiff made statements to the jury which were improper, and it is urged that the court erred in not sustaining the motion for this reason. It is sufficient to say that the record fails to show that any such remarks were made by counsel.

The defendant asked several instructions, which were given by the court, and, when the reading of each instruction was

2. INSTRUC-TIONS: practice. concluded, the court orally said that it was given at the request of the defendant. Counsel claims that this constitutes reversible error, but we do not think this is so.

AFFIRMED.

ON REHEARING.

SEEVERS, J.—Counsel for the appellant insists, in a petition for a rehearing, that counsel for the plaintiff did make use

**3. NEW trial: erroneous statements of law in argument to jury no ground for.** of improper language when he addressed the jury, which was prejudicial to the defendant. The language complained of is as follows: "The conductor and engineer who testified in this case did not stand before the court as disinterested witnesses; that they were employes of the defendant, and were liable to defendant for any damages caused through their fault or negligence." It may be conceded that the latter part of this statement, as a legal proposition, is incorrect, and the preceding statement is based thereon. Counsel must be permitted some latitude and discretion in addressing a jury, and if absolute correctness of statement is required, new trials for failure in this respect, we apprehend, will have to be granted in almost every contested case. Counsel further said "that the plaintiff would have been held liable to the owner of the hay land referred to in evidence if the plaintiff had permitted the cattle to go thereon and damage the owner of said hay land." At most, this amounts to an assertion of an incorrect proposition of law. We are unable to conclude that what was said by counsel could have been prejudicial to the defendant, and we confess we are unable to say that what was said would warrant the court in granting a new trial.

The petition for rehearing is

OVERRULED.