B. E. KELLY v. THE INCORPORATED TOWN OF WEST BEND, Appellant.

**Malpractice.**   It is not material that a defense interposed for a client was raised by answer instead of demurrer, when either method was proper, and there was no bad faith.

**Opinion Evidence:** SERVICES OF ATTORNEY.   Opinion evidence that a large part of the work performed by plaintiff employed as an attorney by defendant town was unnecessary, is inadmissible where that is the very point in issue; though experts might be asked as to what was proper procedure in the case, and how much labor and time a lawyer of average skill and learning would expend therein.

COMPETENCY OF WITNESS.   An attorney who says that he is familiar with the value of fees in Northwestern Iowa, can testify as to the value of such as are furnished in a given county of that section.

**Cross-Examination.**   A cause was not determined upon an interlocutory question or want of notice, and a witness testified, in chief, on the value of plaintiff's services as an attorney.   *Held*, it was right to refuse to let him say on cross-examination whether the case could have been decided on demurrer, and had it been so decided, certain

time in preparation need not have been used, and what would have been a reasonable fee had it been decided on want of notice.

**Instructions.** Plaintiff testified that he put in eight days' work on a law case, while defendant offered to show that so much time was unnecessary; and there was no direct testimony that said time was not given. *Held*, it was proper to charge that the testimony as to time used was undisputed, so long as it was not instructed that it was necessarily expended.

**TENDER.** Where there is nothing more than an offer to confess judgment, or perhaps, an admission that a certain sum was due, it will not justify an instruction that plaintiff is entitled to recover, at least, the sum offered to be confessed.

**Asking Instructions: ATTORNEY'S SERVICES.** Where the main issue tendered in answer, is on the value of plaintiff's services, and no specific claim is made that they were unnecessary, defendant cannot urge that no instruction was given on the rendition of unnecessary services, where none was requested.

**Motion to Make Petition Specific: WAIVER BY ANSWERING OVER.** A ruling, denying a motion requiring a plaintiff to make his petition more specific, cannot be reviewed where defendant took no exception, and answered over.

**Objection Below.** A ground of objection to a ruling on the admission of evidence, not stated in the objection, as made in the trial court cannot be considered on appeal.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, APRIL 10, 1897.

ACTION at law to recover attorney's fees. Defendant admits the employment of plaintiff, but says his services were not worth to exceed the sum of one hundred and twenty-five dollars, for which amount it offered to confess judgment. Plaintiff refused to accept the offer, and the case was tried to a jury, resulting in a verdict and judgment in his favor for the sum of two hundred and fifteen dollars. Defendant appeals.— *Affirmed.*

*Botsford, Healy & Healy* for appellant.

*E. A. Morling* and *George E. Clarke* for appellee.

DEEMER, J.—Plaintiff, who is an attorney at law, was employed by the defendant to represent it, and defend a certain action brought by one Edith Wheelock against the town, to recover damages for personal injuries received by her while passing over and along a sidewalk, which it was claimed defendant negligently permitted to become and remain out of repair, and dangerous to travelers; and he claimed that two hundred and fifty dollars was and is a reasonable compensation for his services. The defendant admits the employment of plaintiff, but says that his charges are unreasonable, unjust, and exorbitant, and that one hundred and twenty-five dollars is a fair and reasonable compensation for his work. Defendant filed a motion for an order requiring the plaintiff to make his petition more specific by setting forth a bill of particulars or itemized statement of his account. This motion was overruled, and error is assigned upon the ruling. It appears from appellee's abstract that no exception was taken to the ruling, and it further appears that defendant filed an answer after the ruling on the motion. For these reasons, the point relied upon cannot be considered. *Chapman v. Lobey*, 21 Iowa, 300; *Coakley v. McCarty*, 34 Iowa, 105; *Kline v. Railroad Co.*, 50 Iowa, 656.

II. Appellee testified, that he was engaged for eight days in looking up and briefing the case for the defendant. Appellant does not expressly deny, that appellee was so engaged, but it says, and it offered evidence to show, that if he did put in this time, it was labor and effort uselessly expended. The court instructed the jury, in the fourth instruction, that "it was undisputed in the evidence, that plaintiff was engaged in briefing the law and hunting up the facts in said cause, and in preparing to try the

same, for a period of about eight days." This instruction is complained of, for the reason that the court invaded the province of the jury, and assumed the existence of a certain state of facts about which there was a conflict in the evidence. We have already seen that there was no direct evidence in conflict with appellee's statement as to the time he was employed in looking up the case. The appellant's claim is, however, that such services, if rendered, were unreasonable and unjust, and that appellee should not be paid therefor. It will be noticed, that the court did not say to the jury, that the time and labor put in by appellee was necessarily expended. The instruction says, that the evidence is undisputed, that appellee put in this time. There was no conflict on this point, and the court expressly said to the jury that the main question for their determination, was the amount appellee was entitled to recover.

III. Appellant sought to show that a large amount of work said to have been performed by appellee was unnecessary, and it asked certain attorneys who were produced in its behalf what part of plaintiff's work was unnecessary. We do not think that the question as to the necessity for the services claimed to have been rendered fairly arose upon the pleadings. But conceding, for the purposes of the case, that it did, still we do not think there was any error in the ruling. The question was ultimately for the jury, and no witness, be he expert or non-expert, should be permitted to usurp the functions of that body. The proper method of procedure in such a case, and the amount of labor and time that a lawyer of the average degree of skill and learning would expend, might be the subject of expert testimony. But the ultimate fact as to what was necessary was not. The ruling was correct. Rogers, Exp. Test., sections 11, 101; *Allen v. Railroad*, 57 Iowa,

626 (11 N. W. Rep. 614); *Kitteringham v. Railroad Co.,*
62 Iowa, 285 (17 N. W. Rep. 585.)

IV.  Upon cross-examination of witness Grimm
appellant sought to show that the main question aris-
ing in the *Wheelock Case,* to-wit, want of statutory
notice—the action not having been commenced within
six months—could have been determined by
demurrer.  Objection was made to the ques-
tion because it was based upon an hypothesis
that the evidence did not tend to establish.  This wit-
ness was further asked. upon cross-examination this
question: "You say that if the whole matter could
be decided upon an interlocutory question, that it
would be quite unnecessary to prepare for trial, and
have a brief upon the law and the facts?"  Appellee
objected, because not proper cross-examination, and
assuming a state of facts not shown by the evidence.
The court thereupon made this ruling and statement:
"In the first place, the facts in the case are that the
case was not determined upon an interlocutory
question; and, in the second place, while I
am not passing upon that question, it is very
doubtful whether it could have been determined
upon an interlocutory question."  Exception was
taken to the rulings and remarks of the court.
The witness was interrogated upon his examination in
chief as an expert as to the value of appellee's ser-
vices.  No other question was propounded to him.  It
is clear that the first question propounded by appel-
lant's counsel was not proper cross-examination.  The
second question assumed a state of facts not in evi-
dence, and objection to it for that reason was properly
sustained.  Again, there was no evidence to support
the hypothesis assumed in the first question.  In the
remarks made by the court he gave his reasons for the
ruling made, which was entirely proper, and also
stated his doubts as to the proposition of law involved

in the interrogatory. If this was error, it was without prejudice to appellant.

V. One C. P. Smith, an attorney residing at Mason City, was introduced by appellee to prove the value of his services. A hypothetical question was propounded to him, to which appellant's counsel objected as follows: "The question assumes a state of facts which was not proven in regard to the suit, being dismissed upon that question, and we object to it as incompetent and immaterial." This objection was overruled. It is said that the witness was not competent under the rule announced in the case of *Stevens v. Ellsworth*, 95 Iowa, 231 (63 N. W. Rep. 683). The question now argued was not made in the court below, and cannot be considered here. Morever, the witness said he was familiar with the reasonable charges of attorneys in the counties in that locality, to-wit: Northwest Iowa. On cross-examination appellant asked the witness what a reasonable fee would be, had the case been determined on the question of want of notice appearing, at the inception of the case. To this appellee objected as not proper cross-examination, incompetent, and immaterial, and assuming a state of facts not shown by the evidence. This objection was sustained, and of this appellant complains. The ruling was right, for there was no evidence that the case was determined upon the question of want of notice. The *Wheelock Case* was voluntarily dismissed, and was never passed upon by the court.

VI. In the ninth instruction the court said to the jury, in effect, that the question of want of notice could not be raised in the *Wheelock Case* by demurrer, and that the only proper way of presenting the question was by answer. Of this complaint is made. It may be that the instruction was not strictly accurate, but the error was without prejudice. Certainly it was proper for the city to raise the question of the

bar of the statute (McClain's Code, section 633)—
*Sac County v. Hobbs,* 72 Iowa, 69 (33 N. W. Rep. 368);
*Blivens v. City of Sioux City,* 85 Iowa, 346 (52 N. W.
Rep. 246)—by answer, and the mere fact that it might
have raised the issue in some other manner is of no
importance, in the absence of a showing of bad
faith. No issue of this kind was tendered by
the answer, or proved upon the trial. Hence,
so far as this case is concerned, the instruction, while
inaccurate, was without prejudice. We are inclined to
think the question might have been raised by demur-
rer to the petition, but this point we need not decide,
for, as we have said, there was no objection to tender-
ing this issue by answer. The manner in which it
was presented was, under the issues, entirely imma-
terial.

VII.    Appellants complain of the court in sub-
mitting a form of verdict to the jury authorizing them
to find for the defendant. It is said that under the
issues there must have been a verdict for at least one
hundred and twenty-five dollars in favor of the
plaintiff, and that the jury should have been so
instructed. An examination of the pleadings
shows that there was no statutory tender made
by the defendant. The statement made in the
pleadings as nothing more than an offer to confess
judgment, and perhaps an admission that a certain
amount was due. Such an offer would not justify an
instruction to the effect that plaintiff was entitled to
recover the sum offered to be confessed. But, aside
from these considerations, appellee's abstract shows
that no such form of verdict as that complained of
was submitted to the jury.

VIII.    Lastly, it is contended that appellant's
defense was not submitted. Reference to the answer
will show that the main question was, the value of

the plaintiff's services. This question was submitted to the jury under proper instructions. Defend-

8 ant claimed, that some of the services rendered were unnecessary, and of no benefit. It did not make this claim specifically, in its answer, and the question was but an incident to the main point in dispute. It asked no instructions covering its claim; and, as the general propositions of law were given by the court, in its charge to the jury, and there was no affirmative error, we think appellant is not in position to complain. While the judgment is larger than we would have found, yet we cannot interfere. Appellant's motion to tax against appellee all costs for amended abstract is sustained, in so far as to charge him with fifteen pages thereof; this number of pages being unnecessary to a proper presentation of the case.— AFFIRMED.