WALTER W. JOHNSON, by his next Friend, G. A. JOHNSON, Appellee, v. LEONARD E. McVICKER, Appellant.

No. 41698.

MARCH 7, 1933.

REHEARING DENIED JUNE 23, 1933.

Mahoney & Mackey, and Putnam, Putnam & Langdon, for appellant.

Baker, Doran & Boone, for appellee.

ALBERT, J.—The plaintiff Walter W. Johnson, Harold White, and the defendant started on a hunting excursion, in the defendant's automobile, from the city of Boone on the morning of November 14, 1930. Defendant was driving the car and the three boys were sitting in the front seat. About 5:45 in the morning they were traveling northward on Highway No. 60, which runs north and south, and when about six miles south of Webster City, in attempting to pass two other automobiles going in the same direction, defendant's car ran off the grade into the ditch at the side of the road, and after traveling therein for some distance, struck the grade of an intersecting highway, rolled over twice, resulting in the injuries of which the plaintiff complains.

A more detailed statement of the facts will be found in the case of White v. McVicker, reported in 216 Iowa 90, 246 N. W. 385, which was an action growing out of this same accident. Under practically the same set of facts set out in that case, we held that whether

or not the defendant was guilty of recklessness was a question of fact for the jury, and we so hold here.

The question of joint adventure or common purpose is raised in this case, and practically the same argument is made here as was made in the White case, supra. In that case we held that the doctrine of joint adventure had no application, under the fact situation, as the evidence was insufficient to take that question to the jury. Although the defendant in the instant case pleaded the defense of joint adventure or common enterprise, the evidence was insufficient to make a jury question on that proposition.

In this case, as in that, the doctrine of assumption of risk was sought to be applied, but in the present case there was no such issue tendered by the pleadings as in the White case. This case falls within the rule laid down in Taylor v. Chicago, R. I. & P. R. Co., 186 Iowa 506, 170 N. W. 388, where we held that to be available, assumption of risk must be pleaded and proven if relied upon. The assignment of error because of the failure of the court to submit this question is not well taken.

One instruction given in this case with reference to the definition of "recklessness" is a practical duplication of one given in the White case, and while we held in that case that it was erroneous, we held it was without prejudice. The same is true with reference to the attack on that instruction in the present case.

Complaint is lodged against the instruction given by the court on proximate cause. This instruction reads as follows:

"As you have heretofore been told, it is incumbent upon the plaintiff to show, as one of the elements of his case, that the reckless operation of his car, by the defendant, if there was such, was the proximate cause of the injuries and damage of which the plaintiff complains. By 'proximate cause' is meant the direct efficient, producing cause. It does not necessarily mean that the defendant's alleged recklessness, if there was such, must be the sole and only cause of the plaintiff's injuries, for recklessness may be the proximate cause of an injury and still not be the sole and only cause of such injury.

"To be the proximate cause, however, it must appear that had it not been for the recklessness of the defendant, in the respect charged, if there was such, the injuries and damages to the plaintiff would not have occurred."

The only point made against this instruction is that under section 5026-b1, Code 1927, it is urged that the court erred in its instruction where it states that "recklessness" may be the proximate cause and still not be the sole and only cause of the injury. In other words, the appellant insists that under this statute, recklessness must be the sole and only cause of the injury.

We have long since announced the rule in this court that the mere fact that some other cause operated with the negligence of the defendant to produce the injury complained of does not relieve the defendant from liability. See Gould v. Schermer, 101 Iowa 582, 70 N. W. 697; Pratt v. Chicago, R. I. & P. Ry Co., 107 Iowa 287, 77 N. W. 1064; Harvey v. City of Clarinda, 111 Iowa 528, 82 N. W. 994; Aga v. Harbach, 140 Iowa 606, 117 N. W. 669; Steburg v. Vincent Clay Products Co., 173 Iowa 248, 155 N. W. 337.

The point urged is that when the defendant was attempting to pass the Sandelius car, Sandelius turned his car to the left, thus forcing the defendant's car into the ditch, and it is by reason of this contention that the plaintiff makes the assault upon this instruction.

In Wheeler v. City of Fort Dodge, 131 Iowa 566, 108 N. W. 1057, 9 L. R. A. (N. S.) 146, the substance of the holding was that even though the acts of a third person concurred in producing the injury complained of, with the acts of the defendant, such conduct on the part of the third person does not relieve the defendant from liability for his own wrongful act. See, also, Kitteringham v. Sioux City & Pacific Ry. Co., 62 Iowa 285, 17 N. W. 585; Palmer v. Cedar Rapids & M. C. Railway Co., 124 Iowa 424, 100 N. W. 336.

This instruction was elaborated upon in instruction No. 11, the closing paragraph of which is as follows:

"In other words, under the law, where the owner and operator of an automobile, by the reckless operation of his automobile, causes injuries or damage to another party who is riding as a guest in the car, or at the owner's or operator's invitation, without hire, the owner or operator is liable therefor, and this is so even though the negligent or wrongful act of some third person may have contributed, concurred or combined with such recklessness in causing the injuries."

We think the complaint lodged against these instructions is not well taken.

The next complaint is that where the defendant pleads that

the acts of a third person constituted the sole, proximate cause of the accident, it is error to instruct that the jury should give no consideration to the acts of the third party, unless the defendant proves that the act of the third person was negligent, and the sole, proximate cause of the plaintiff's injury.

As to this instruction the appellant argues that the court erred in placing the burden of proof on the defendant to show that the acts and conduct of Sandelius were the proximate cause of the injury. The defendant, having pleaded in his answer that the sole and proximate cause of the accident was the negligence of Sandelius, the driver of another automobile upon the highway which crowded defendant's car off of the highway, and having pleaded this as a defense, and no assault having been made upon such pleading, under the well-known rule that where one pleads specific matter as a defense he has the burden of proof to sustain the allegations of his answer by a preponderance of the evidence, he cannot complain when the court took him at his word and instructed accordingly. See Oxtoby v. Henley, 112 Iowa 697, 84 N. W. 942; Allen v. Travelers Protective Assn., 163 Iowa 217, 143 N. W. 574, 48 L. R. A. (N. S.) 600; Olson v. Southern Surety Co., 201 Iowa 1334, 208 N. W. 213. The court's instruction in this respect was in strict accord with the well-settled principles of law.

It is next contended by the appellant that the instruction with reference to the negligence of Sandelius, wherein the court told the jury as to the duty of the defendant as to blowing or sounding his horn, is erroneous. It is insisted that in view of the fact that the driver of the Sandelius car was told by a passenger in the car that the defendant's car was approaching, or going around the Sandelius car, and under such circumstances, the driver of the Sandelius car having this knowledge, the blowing of the horn was immaterial, and the court erred in instructing thereon.

As we view the record, this instruction was not erroneous. The evidence shows that at the time defendant's car was attempting to pass the Sandelius car, the driver of the Sandelius car was told of the attempt, and when he saw the defendant's car, the front bumper of defendant's car was about opposite the rear bumper of the Sandelius car. With this testimony, thus placing these two cars in relation to each other, we cannot say the court erred in instructing as to the duties of the defendant driver on the law relating to the sounding of his horn.

It appears that the defendant requested six instructions, which were given by the court, but in so doing the court prefaced these instructions with the following statement:

"The following instructions, Nos. A, B, C, D, E, and F are given at the request of the defendant. You will give them the same consideration as though given by the court on its own motion."

Defendant insists that this was error as it left a clear implication that it was only because of such request on the part of the defendant that said instructions were given by the court.

It is better practice not to give such indication as to who requested the instructions. They are, in fact, the instructions of the court, and the fact that one party or the other may have requested them is wholly immaterial, but we have held that in so doing, the court did not commit reversible error. See Scott v. Chicago, M. & St. P. R. Co., 68 Iowa 360, 24 N. W. 584, 27 N. W. 276.

None of the errors assigned are tenable, and the case is affirmed. —Affirmed.

KINDIG, C. J., and EVANS, STEVENS, DONEGAN, and UTTERBACK, JJ., concur.