HAROLD F. WHITE, by his father and next friend,. E. H. WHITE. Appellee, v. LEONARD E. McVICKER, Appellant.

No. 42560.

MARCH 12, 1935.

Mahoney & Mackey and Putnam, Putnam, Langdon & Fillmore, for appellant.

Dyer, Jordan & Dyer, for appellee.

MITCHELL, J.—This is the second appeal in this case. See White v. McVicker, 216 Iowa 90, 246 N. W. 385.

The accident happened approximately six miles south of Webster City on highway No. 60, on the morning of November 14, 1930, at about the hour of 5:30. The highway at this point runs north and south, and was 30 feet wide, and partly graveled. At the scene of the accident a road, coming from the west, intersects highway No. 60. South of this intersecting road and west of the traveled portion of the highway is a ditch approximately fifteen feet wide. The bottom of this ditch was 3 feet lower than the traveled portion of highway No. 60.

On the day before the accident the appellant had made arrangements with Walter Johnson, his cousin, and Harold White, to go pheasant hunting.

The exact spot where they were to hunt the beautiful bird known as the pheasant does not appear in the record. The three boys left Boone on the morning of the accident, around five o'clock. The appellant was driving his 1929 Ford coupe. Walter Johnson was sitting on the right and the appellee was sitting in the middle. McVicker drove his car from Boone to highway No. 60, and then north.

Also driving north on highway No. 60 were two other cars, the occupants of these two cars having the same object in mind, to wit, the securing of some pheasants. The car farthest ahead was an Overland sedan, driven by Harold Sandelius. With Mr. Sandelius were his father and another party. Following the Sandelius car a little way back was a car driven by Mr. Kemmerer, who was accompanied by a friend. The record shows that the Sandelius car and the Kemmerer car were being driven along at about forty-five miles an hour.

At the time of the accident it was still dark, and the lights on the appellant's car were burning. McVicker came up behind the Kemmerer car and sounded his horn, and the Kemmerer car was driven over to the right side of the road. There is evidence that at the time appellant went around the Kemmerer car he was driving somewhere between forty-five and fifty miles an hour. He successfully passed the Kemmerer car, and followed for a short distance the Sandelius car, when he sounded his horn. There is a dispute in the record in regard to where Sandelius was driving. It was Sandelius' contention that he was on the right side of the road, while appellant contends that Sandelius was in the center of the road and upon the sounding of the horn he turned a little to the right. But regardless of that, appellant's car turned into the ditch on the left side of the road and proceeded therein at a rate of fifty miles an hour. The direction of the car in the ditch was changed in order to avoid striking a telephone pole. The car proceeded along the bottom of the ditch at the rate of speed of fifty miles an hour until it struck the bank of the intersecting highway, when it overturned, and the occupants were badly injured.

Out of that accident there were brought two lawsuits against McVicker, both of which have reached this court: The case of White v. McVicker, 216 Iowa 90, 246 N. W. 385; Johnson v. McVicker, 216 Iowa 654, 247 N. W. 488.

It is the contention of the appellant that there is no evidence in the record of reckless operation. The case was submitted by the trial court to the jury upon the issue only as to the reckless operation of said car while it was being driven in the ditch, and that the recklessness consisted in driving the car in the ditch at a high, dangerous, and excessive rate of speed.

In the opinion in the first case, White v. McVicker, 216 Iowa 90, at page 102, 246 N. W. 385, this court said:

"We are of the opinion that there was sufficient evidence to carry the case to the jury on the question of recklessness after the car passed off of the grade into the ditch."

This of course is the law of this case. This court has decided that there was sufficient evidence of recklessness after the car passed off the grade into the ditch to submit that question to the jury. The evidence in the case at bar shows that it is practically the same as in the former trial. It was the duty, following the decision in the former appeal, of the lower court to submit this question to the jury. This the court did, and was correct in so doing.

█ Appellant strongly urges that the evidence shows the appellant and appellee were engaged in a joint adventure and common enterprise and were not in the relationship of host and guest.

In the former appeal in this case, this court said: (page 106.)

"The sum total of these cases amounts to the proposition that the doctrine of joint adventure or common enterprise has no application in an action between the guest and the driver of the car.

"We do not determine the question here whether the facts in this case show that there was a joint enterprise, nor pass upon the question which is not raised—that one who is engaged in the joint enterprise is or is not a 'guest' within the meaning of the statute. What we do hold is that, under the record in the case, the court was justified in not submitting to the jury the issue of joint adventure or common enterprise."

This same question was before this court in a companion case to the case at bar; a case growing out of the same accident, with the same defendant involved. In the case of Johnson v. McVicker, 216 Iowa 654, 656, 247 N. W. 488, this court said:

"The question of joint adventure or common purpose is raised in this case, and practically the same argument is made here as was made in the White case, supra. In that case we held that the doctrine of joint adventure had no application, under the fact situation, as the evidence was insufficient to take that question to the jury. Although the defendant in the instant case pleaded the defense of joint adventure or common enterprise, the evidence was insufficient to make a jury question on that proposition."

In the case at bar the same facts as to the purpose of the trip are in evidence as in the Johnson case. The same testimony was offered, showing the relationship of this appellee to the appellant so far as the trip and the operation of the car were concerned. And we are of the opinion in the case at bar, as we were in the Johnson case, that the evidence was insufficient to make a jury question on that proposition.

The appellant claims that the lower court was in error in submitting to the jury the question of whether or not the appellee was a guest because no such issue was found in the pleadings. So we turn to the pleadings to ascertain the facts.

We find in the petition this allegation:

"That on the 14th day of November, 1930, he was invited by the defendant to accompany him on a trip in defendant's automobile and that the plaintiff accepted such invitation and started with the defendant upon such trip."

Appellant in his answer denied each and every allegation of appellee's petition except those expressly admitted. There was no admission of the allegation made that the appellee was invited to ride in the car. Therefore, such allegation was denied by the answer, and it then follows that an issue was raised on this particular point. It is true, the word "guest" does not appear in the petition. However, by what clearer language could it be said that he was a guest when it was alleged that he was invited to make the trip in the appellant's car and that he accepted the invitation? The evidence in support of this allegation offered by the appellee shows the invitation extended to him to participate in the trip, the acceptance of such invitation by him, and the subsequent act of the appellant in driving to appellee's home and calling for him and taking him into his car and starting on his journey. It was not necessary to use the word "guest" when the invitation and its acceptance were alleged, which certainly constitute the relationship of the appellee towards appellant as a guest without the use of the particular word. Clearly, it was the duty of the court to submit this question to the jury, and there was sufficient evidence for the jury to find, as it did find, that the appellee was a guest.

Some other errors are alleged, all of which have been given careful consideration. This case has been tried twice. It has reached this court on two occasions. The companion case, Johnson v. Mc-

Vicker, was also submitted. Able and elaborate briefs have been presented by both sides. The case was fairly tried. It was submitted to the jury upon instructions that correctly stated the law, and the jury found for the appellee.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

ANDERSON, C. J., and KINTZINGER, POWERS, HAMILTON, PARSONS, ALBERT, and DONEGAN, JJ., concur.