C. E. SWAN, Appellee; ELEANOR ELSON, Administratrix, Appellee, v. DAILEY-LUCE AUTO COMPANY et al., Appellants.

No. 45171.

AUGUST 6, 1940.

Murrow & Miles and W. H. Tedrow, for appellants.

Garrett & Elson, for appellees.

HALE, J.—This is the third appeal in this case. The two former appeals are Swan v. Dailey-Luce Auto Co., 221 Iowa 842, 265 N. W. 143, and Swan v. Dailey-Luce Auto Co., 225 Iowa 89, 277 N. W. 580. Verdict was for plaintiff. From

judgment thereon and from ruling of the court overruling defendants' motion for new trial and exceptions to instructions, defendants appeal.

The facts are set out in the opinions in the former appeals, and the testimony was substantially the same at all the trials in the district court. In substance the facts are as given in this case as reported in 225 Iowa 89, 277 N. W. 580. The plaintiff in the former appeals, now deceased, a man over 77 years old, at about 10 p. m. on March 29, 1933, had walked to the street corner for the purpose of crossing to the west side of the street on which is located Highway No. 65. Before crossing he stopped on the edge of the street, under the glare of the floodlights of a filling station south of where he stood, and looked up and down the street. Seeing no car approaching, as he testified, he started rapidly across the street, 50 feet in width. The crossing at this place had two cement ends, at the east and west sides, which stopped at the shale covering the traveled way. He continued over the street without looking up, and when within one step of the opposite, or west, side was struck by defendants' automobile, which was approaching the crossing from the north at 20 or 25 miles an hour, and was traveling on the extreme west side of the street. The defendants' driver saw plaintiff standing on the edge of the street when 180 feet away. The view was unobstructed.

Plaintiffs in their petition alleged various grounds of negligence, of which only three were submitted to the jury: (1) Failure to have the defendants' car under control; (2) failure to keep a proper lookout; and (3) that "he drove and operated said automobile at a speed greater than permitted him to bring it to a stop within the assured clear distance ahead." On the trial no testimony was offered by the defendants. At the close of the testimony the court overruled defendants' motion for directed verdict. Verdict was returned for plaintiff as above stated.

I. The defendants' first assignment of error is that the court erred in overruling defendants' motion for a di-

rected verdict on the ground that plaintiff had failed to show himself free from contributory negligence, and that the entire record showed that the plaintiff was guilty of contributory negligence as a matter of law. Defendants in support of their contention cite a large number of authorities as to general rules governing contributory negligence, and with which we agree—among them the general rule as to contributing in any way or in any degree, burden of proof, the voluntary placing of oneself in a position of danger, the scintilla rule, the rule as to when contributory negligence becomes a matter of law, and other well-known rules. But the difficulty is in the application of these rules to the record. Defendants cite as sustaining their argument as to facts, among others, Lindloff v. Duecker, 217 Iowa 326, 331, 251 N. W. 698, 701, and Nyswander v. Gonser, 218 Iowa 136, 253 N. W. 829. An examination of the cases cited by defendants will show a different state of facts. Under a record practically identical with that of the present case, the holding of this court on the former appeal (225 Iowa 89, 277 N. W. 580) was that a jury question was presented as to contributory negligence. Defendants insist, however, that the facts of that opinion do not square with the record. This was brought to the attention of the court in the former appeal by a petition for rehearing. On the submission of this petition, a supplemental opinion by the court was entered, some correction made in the statement of facts, and the petition overruled. The differences between the record here and that stated in the opinion in the former case are very slight, such as the position of the witness Guinn Hedrick. The present record as to the testimony of three witnesses, Hedrick, Mills, and the plaintiff C. E. Swan, is identical in every respect with that given in the case reversed on the second appeal, having in this case been read from a transcript of former testimony, either on the first or second trial. A careful examination of the records in the various cases discloses no substantial variation. Under such a condition of the record we can do no more than hold, as was done on the former submission, that the question of contributory negligence was

for the jury. See Swan v. Dailey-Luce Auto Co., 225 Iowa 89, 277 N. W. 580. Such ruling on appeal under the record is determinative of the question here. See Goben v. Des Moines Asphalt Pav. Co., 218 Iowa 829, 252 N. W. 262; White v. McVicker, 219 Iowa 834, 836, 259 N. W. 465, 466; Reimer v. Musel, 220 Iowa 1095, 264 N. W. 47; Spaulding v. Miller, 220 Iowa 1107, 264 N. W. 8; Blakely v. Cabelka, 207 Iowa 959, 221 N. W. 451; Pease v. Citizens State Bank, 210 Iowa 331, 228 N. W. 83; Doyle v. Jennings, 210 Iowa 853, 229 N. W. 853. We are satisfied that our former holding constituted the law of the case, and that the court was not in error in submitting the question of plaintiff's contributory negligence to the jury.

■ II. Defendants claim that it was error for the court to submit to the jury the question of assured clear distance ahead. This question was determined in the two former appeals. In the second appeal we said (225 Iowa 89, 92, 277 N. W. 580, 582):

"That this was a jury question was determined upon the former appeal of this case, wherein we said: 'Under the assured clear distance statute involved in this action, it was the court's duty, under the circumstances disclosed by the evidence in this case, to have instructed the jury that, if the defendant failed to drive his car at such a speed as to enable him to bring it to a stop within the assured clear distance ahead, then the defendant was guilty of negligence as a matter of law, unless he showed a legal excuse for not complying therewith, in accordance with the meaning of "legal excuse" as hereinabove referred to.'"

Under the same, or practically the same, state of facts, we must hold that the law announced on the former appeals continues to be the law of the case for subsequent trials. See Goben v. Des Moines Asphalt Pav. Co., supra; and other cases above cited. However, in relation to the statute as to assured clear distance ahead, we call attention to the recent opinions in Janes v. Roach, 228 Iowa 129, 290 N. W. 87, and Remer v.

Takin Bros. Freight Lines, 227 Iowa 903, 908, 289 N. W. 477, 480, and cases cited. The court, under the record, did not err in submitting the third ground of negligence.

III. The defendants complain of the giving of instruction No. 12, wherein the court quoted part of the statute, section 5029, Code of 1931, as follows:

"Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. * * *."

Defendants insist that even if the court did not err in submitting the question of assured clear distance ahead it erred in the manner of submission in that it failed to divide the part of the statute quoted into two parts and instruct on the first half thereof. Under the familiar rule that instructions are to be read as a whole, the jury could not fail to know that the part of the statute referred to and as to which the defendants were claimed to be negligent was that which referred to the duty to stop within the assured clear distance ahead. Such was the third ground of negligence submitted in instruction No. 5, and with the two other grounds was referred to as the only grounds. Also in the first part of the instruction complained of the court specifically pointed out what plaintiff's claim was, as it did in defining the term "assured clear distance ahead" in the last part of the instruction. We do not think the jury was in any way misled or could fail to understand just what was plaintiff's claimed ground of negligence, in view of the whole instruction and other instructions given.

IV. Instruction No. 13, following No. 12, in which the court refers to legal excuse which would excuse the failure to stop within the assured clear distance ahead, informs the jury that an emergency not of defendants' own making will

886

constitute such legal excuse, under the rule given in Kisling v. Thierman, 214 Iowa 911, 916, 243 N. W. 552, 554, and adhered to in our subsequent decisions. That the emergency must not arise from the fault of defendant, must not be of his own creation, we think is fully established as the rule, and this seems to be the general purport of the instruction. We see no merit in the contention that the burden is cast upon defendants.

We do not find it necessary to rule upon plaintiff's objection that defendants throughout their brief and argument have failed to comply with Rule 30. Our holding, on the assignments submitted and argued, must be that we find no error requiring reversal, and the case is therefore affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.