CORNELL E. NODLAND, Administrator, Appellee, v. KREUTZER & WASEM, Appellant.

**MASTER AND SERVANT:** Defectively Guarded Machinery.  A
1  master who, to guard his dangerous machine, furnishes a guard which, while practical, is so easily removed from the machine that the employee may use it or lay it aside as his whim may dictate, and who knows that the employee habitually uses the machine without such guard, and who might have furnished a guard which would have been both practical and permanently attachable, may not, on the plea of assumption of risk, escape liability to an employee, *even though he be experienced, and one charged with the duty to remedy defects,* except in those cases where the jury finds that no reasonably prudent person would, in view of the imminent danger, attempt to operate the machine without a guard.

**NEGLIGENCE:** Use of Dangerous Machine without Guard.  Con-
2  tributory negligence on the part of an employee who is charged with the duty *to make repairs and remedy defects,* in habitually using a dangerous machine without a guard, does not become *defensive* except in those cases where the jury finds that no reasonably prudent person would attempt to use the machine without a guard, in view of the imminent danger in so doing.

**TRIAL:** Submission of Non-Paper Issues.  Non-paper' issues, volun-
3  tarily litigated by the parties, are, if material, as proper for submission to the jury as are those specifically made by the written pleadings.

PRINCIPLE APPLIED:  An injured employee alleged that a machine was not guarded, as by law provided.  His direct testimony tended to show that there was no guard whatever.  On

cross-examination, it was developed that the master had furnished a guard, but that the employee had not used it. The master, in his testimony, sought to show that the said guard was wholly adequate. The employee countered with evidence that the said guard was not adequate. *Held*, the adequacy of the guard was properly submitted to the jury.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

SEPTEMBER 30, 1918.

THIS is an action by the administrator of the estate of Cornell Nodland, against the defendants, who were, at the time, engaged in the manufacture of window sashes, screens, etc., for injuries received by him while employed in said sash factory, which resulted in his death. At the time he was injured, deceased had hold of a piece of lumber about 20 inches in length and 5 inches in width, which he was having ripped by a circular ripsaw. The saw was about 10 inches in diameter, and revolved in a slot in the top of a table, or bench, to which the same was attached, and was operated by steam power. Deceased was holding the board against the saw, when it caught in the teeth thereof, and was thrown against him, striking him in the abdomen, and fatally injuring him. The saw, when in motion, extended a few inches above the level surface of the table, on which boards or other material were placed, for the purpose of being worked into shape for use in the factory. Suspended directly over the saw, and attached to a crossbeam, or the joist, was a 4x4 piece of timber, arranged so that a wooden guard for the saw might be attached thereto by means of a thumbscrew. The exact construction of the guard is not shown; but a slot was provided in the arm, by which same was attached to the 4x4, so that it could be adjusted to the varying thicknesses of the material to be ripped. At the time of the accident, the guard was not in place. Testimony

tended to show that it was usually kept on the table, or hanging on a post immediately adjacent thereto.

Deceased had been, at different times, previously employed by defendant, the last time commencing the latter part of February, 1913, and continuing up to April 1st, the date of the accident. He was experienced in the work he was doing. The record before us does not disclose whether the guard was used at any time while deceased was employed by defendant. One witness stated that Nodland said he would not use the guard, as it was in the way, and that a guard was unnecessary, if the operator knew how to operate the saw. Defendant knew that the saw was unguarded, and that deceased habitually operated the same with the guard removed. Whether the guard was removed by deceased, or was at any time in place while he was employed by defendant, is not shown. Judgment was entered upon the verdict in favor of the plaintiff for $900. Defendant appeals.—*Affirmed.*

*Binford & Farber,* for appellant.

*Carney & Carney* and *Bradford & Johnson,* for appellee.

PER CURIAM.—I. At the close of all the testimony, counsel for defendant moved for a directed verdict, upon the ground that deceased had assumed the risk of operating the saw without shield or proper guard, and upon the ground of the contributory negligence of deceased. It is conceded by counsel that it was the duty of defendant, under the provisions of Section 4999-a2 of the Supplement to the Code, 1913, to properly guard the saw; but it is the contention of counsel that this duty had been fully performed by defendant. It is not claimed that the guard provided, which was constructed wholly of wood, was in place at the time of the accident; and the jury must have found that defendant knew that the saw was habitu-

1. MASTER AND SERVANT: defectively guarded machinery.

ally operated by deceased without shield or guard. Some of the witnesses, who had been employed at the factory for several months, testified that they had never seen the guard in question about the premises; but it may be assumed that a guard constructed as above stated was furnished by defendant for use, and that deceased had knowledge thereof; that it could readily be put in place, and was so constructed that it could be adjusted to the varying thicknesses of the material to be sawed. The duty, under Section 4999-a2, of guarding saws, planers, cogs, and other dangerous machinery, is placed upon the "owner, agent, superintendent or other person having charge of any manufacturing or other establishment where machinery is used."

It is conceded by counsel for appellee that deceased, at the time of the accident, was a foreman in defendant's factory. His duties as foreman appear to have been, largely, to direct and instruct the workmen employed about the premises. Mr. Wasem was, however, much of the time present, taking part in the management and direction of the employees and of the work which was being done. The alleged contributory negligence of deceased consisted of his neglect and failure to place the shield or guard in position, and in operating the saw without having done so. No claim is made that deceased was otherwise negligent. The board which he was holding was caught by the teeth of the revolving saw and thrown against him while he was apparently in the exercise of due care, except the failure to use the guard provided. It is, however, claimed by counsel for appellee—and evidence was offered tending to show that fact—that the shield was improperly constructed, and would not have prevented the accident in question if the same had been in place. Section 4999-a3 of the Supplement to the Code, 1913, provides:

2. NEGLIGENCE: use of dangerous machine without guard.

"That in all cases where the property, works, machin-

ery or appliances of an employer are defective or out of repair, and where it is the duty of the employer from the character of the place, work, machinery or appliances to furnish reasonably safe machinery, appliances or place to work, the employees shall not be deemed to have assumed the risk, by continuing in the prosecution of the work, growing out of any defect as aforesaid, of which the employee may have had knowledge when the employer had knowledge of such defect, except when in the usual and ordinary course of his employment it is the duty of such employee to make the repairs, or remedy the defects. Nor shall the employee under such conditions be deemed to have waived the negligence, if any, unless the danger be imminent and to such extent that a reasonably prudent person would not have continued in the prosecution of the work."

The court instructed the jury that deceased was a foreman in the factory, charged with the duty to make repairs and remedy defects in the machinery installed and in use therein; but charged that deceased should not be deemed to have waived the negligence of defendants, if any, unless the danger in the operation of the saw without proper shield or guard, was so imminent that a reasonably prudent person would not have continued in the prosecution of the work. The sections of the statute referred to have been repeatedly construed and applied by this court. *Stephenson v. Sheffield B. & T. Co.*, 151 Iowa 371; *Waddell v. Burlington Basket Co.*, 159 Iowa 736; *Miller v. Cedar Rapids S. & D. Co.*, 153 Iowa 735; *Verlin v. United States Gypsum Co.*, 154 Iowa 723; *Woodworth v. Iowa Cent. R. Co.*, 170 Iowa 697; *Correll v. Williams & Hunting Co.*, 173 Iowa 571; *Petersen v. McCarthy Imp. Co.*, 175 Iowa 85; *Plew v. Horrabin & Co.*, 176 Iowa 584; *Winn v. Town of Anthon*, 179 Iowa 620.

In *Correll v. Williams & Hunting Co.*, supra, we said: "Under this statute, the servant assumes none of the

risks referred to in the statute that arise from the failure
of the master to discharge the duties of a master.   Under
such circumstances, the servant does not, by continuing to
work, assume the risk incident to such conditions, except
as hereinafter indicated.   Under this statute, the servant
assumes no risks that arise from the master's failure to
furnish him a reasonably safe place to work and reasonably
safe tools and appliances with which to do the work.   The
duty to furnish these rests upon the master, and he must
discharge them if he would escape liability for injuries re-
sulting therefrom.   Except where the law absolutely en-
joins the doing of a thing as a duty, it is the duty of the
master to exercise reasonable care to see that the duty is
performed, and to furnish the servant a reasonably safe
place to work and reasonably safe appliances.   When the
statute enjoins the doing of the thing absolutely, the duty
is imperative.   *   *   *   The failure of the master to dis-
charge the duty of a master rests upon the master,—not
upon the servant.   If, in the ordinary course of his employ-
ment, it is the duty of the servant to make repairs or remedy
defects, he does not assume risks due to the master's failure
to discharge the duties of a master, by continuing to work
without making the repairs himself, unless the risk of con-
tinuing to work without doing so is so imminent that a
reasonably prudent person would not continue in the work
without making repairs or remedying the defects."

The requirements of the statute that all saws, planers,
cogs, gearing, belting, shafting, set screws, and machinery
of every description therein shall be properly guarded, is
·imperative, and rests upon the master, who must see that
the duty enjoined upon him is performed.   The design of
the legislature evidently was to provide the largest possible
safety and protection to employees working in and about
dangerous machinery.   The duty here imposed upon the
master is not discharged by providing a guard or shield

that may be installed and used, or laid aside at the whim or caprice of an employee. He must see that such machinery is properly guarded, and failure to perform this duty amounts to negligence. Deceased had been employed by defendant for several weeks,' and, with its knowledge, had habitually operated the ripsaw without shield or guard. Deceased was experienced in the operation of circular ripsaws of the character in defendant's factory, and doubtless knew that same should not be operated without being properly guarded; but the statute specifically provides that, notwithstanding he may have knowledge of the defect in the machinery, he shall not be deemed to have waived the negligence of the master "unless, in the operation of the machinery, the danger is so imminent that a reasonably prudent person would not have continued in the prosecution of the work." Deceased, therefore, under the statute, assumed only such risk as was so imminent that a reasonably prudent person would have declined to continue in the work; and the court properly submitted this question of fact to the jury. Contributory negligence and assumption of risk may co-exist, but they are not synonymous terms. We have held that contributory negligence is a complete defense in actions of this character. *Poli v. Numa Block Coal Co.*, 149 Iowa 104; *Verlin v. United States Gypsum Co.*, supra; *Stephenson v. Sheffield B. & T. Co.*, supra; *Woodworth v. Iowa Cent. R. Co.*, supra; *Correll v. Williams & Hunting Co.*, supra; *Wheeler v. Sioux Pav. Brick Co.*, 162 Iowa 414.

The guard furnished by defendant was made by a carpenter several years before the accident, and it is claimed by counsel for appellant that same had been much used, and was constantly kept in a convenient place ready for use; that it was the duty of deceased, as foreman of the factory, to place the same over the saw; and that he was guilty of contributory negligence in failing to do so, and in operating the saw without its being properly guarded.

The legislature, by the enactment of Section 4999-a3, supra, removed assumption of risk as a defense under the circumstances therein set forth. It is not probable that the legislature intended, by the above statute, to abolish assumption of risk as a defense without, impliedly at least, denying the master the right to plead facts which, in the absence thereof, would amount thereto, and leave the master in a position to defeat recovery by the servant upon the ground that he was guilty of contributory negligence, unless the danger of continuing in the employment was so apparent that a reasonably prudent person would not have done so. To so hold would practically nullify the statute.

Appellant contends that a guard was, in fact, furnished, convenient and ready for use, during the time deceased was employed in the factory, and that it was his duty to place same in position, and that he was guilty of contributory negligence in failing to do so, and in operating the saw without it. As before stated, defendant knew that the saw was in daily use without guard or shield, and that the statute was being violated thereby. Evidence was offered, tending to show that a metal guard, permanently attached, and automatically adjusting itself to the varying thicknesses of material in use, by means of springs, was in general use in Marshalltown, and that same, if used, would have been effective to prevent injuries of the kind received by deceased. Of course, the law does not provide the kind of guard required, nor was appellant required to use any particular kind; but, if a guard could reasonably be so constructed and permanently attached and held in position as to at all times guard the saw and protect the operator from injury, it was the duty of appellant to see that the saw was thus guarded. To properly guard dangerous machinery means more than the mere furnishing of a guard, which the workman may install if he sees fit to do so. The defense of contributory negligence, under Section 4999-a3, based upon

the failure of the employee to perform a duty enjoined by statute upon the master, is not available, unless the danger to the employee from continuing in the employment is so imminent that a reasonably prudent person would not do so; and especially is this true where the employer knew that dangerous machinery, required by statute to be guarded, is being operated by the injured person without a guard.

The court, in a proper instruction, submitted to the jury the question whether the danger involved in the operation of the saw in question was so imminent that a reasonably prudent person would have desisted therefrom. We cannot say, as a matter of law, that the danger was so imminent that a reasonably prudent person would not have continued to operate the saw without a guard. The failure of the employer to comply with the statute requiring the saw to be properly guarded, does not alone prove that the danger of operating the saw without proper guard is necessarily so imminent that a reasonably prudent person would not do so. The design of the legislature evidently was to enjoin upon employers the necessity of using the greatest reasonable care and precaution to see that all dangerous machinery is efficiently guarded, and that employees, so far as it can reasonably be done, shall be protected from danger in operating, or working in and about, the same.

II. Complaint is made of some of the court's instructions, and of its failure to fully instruct upon some of the material questions involved; but, after a careful examination thereof, we reach the conclusion that no prejudicial error was committed by the court in this respect.

Among other matters complained of is the submission to the jury of the question of the sufficiency of the guard furnished. It is contended that the instruction here given is not founded upon any issue tendered.

3. TRIAL: submission on non-paper issues.

The allegations of plaintiff's petition were that the saw was not guarded as required and provided by law. Plaintiff's evidence

was to the effect that the machinery was wholly unguarded. It was elicited, however, upon cross-examination, that the guard above referred to was kept in the immediate vicinity of the saw. In defense, appellants undertook to show that the guard furnished, but not used, was wholly adequate, and fully complied with the requirements of the statute; whereupon, plaintiff offered evidence for the purpose of showing that the guard did not comply with the statute.

We see no impropriety in the admission of this testimony, or in the submission of this question to the jury, and do not perceive wherein appellants could have been prejudiced thereby, at least in view of the conclusion reached in the preceding paragraph of this opinion.

Other exceptions relate to the admission and exclusion of offered testimony. No prejudicial error was committed by the court in this respect. Other questions suggested, but not argued, need not be separately considered by the court. Since we find no reversible error in the record, the judgment of the lower court is—*Affirmed.*

PRESTON, C. J., LADD, EVANS, SALINGER, and STEVENS, JJ., concur.