## RYAN v. SNYDER
(No. 1042; Decided Jan. 6th, 1923; 211 Pac. 482)

PLEADINGS—IMPUTED CONTRIBUTORY NEGLIGENCE—JOINT ENTERPRISE LIABILITY FOR NEGLIGENT OPERATION OF AUTOMOBILE.

1. A petition alleging in substance that defendants invited plaintiff to accompany them in an automobile to the location of certain property leased by plaintiff from one of the defendants, the object of the trip being to deliver possession of the leased premises to plaintiff, and during

the course of the journey the automobile was overturned as a result of reckless driving by one of the defendants, in which accident plaintiff suffered serious bodily injuries, states a cause of action and is not open to attack as disclosing a joint enterprise on the part of plaintiff and defendant.

2. To constitute a joint enterprise within the rule as to imputed contributory negligence, there must be a joint or community interest in the object or purpose of the undertaking and a clear right to direct and govern the movements and conduct of each other in respect thereto. Each must have some voice and right to be heard in its control and management.

3. One who uses an automobile is liable for injury, through the operation of the car by him, to an invited guest if he fails to exercise care reasonably commensurate within the nature and hazard attending such mode of travel, he being under a duty not to unreasonably expose a guest to danger and injury by increasing such hazard.

ERROR to District Court, Converse County; HON. RALPH KIMBALL, Judge.

Action by Mrs. W. H. Snyder against D. W. Ryan and another for injuries received as a result of alleged negligence on the part of defendants in the operation of an automobile. Heard on the sufficiency of plaintiff's petition.

*Hagens & Murane* and *Floyd E. Pendell,* for plaintiffs in error.

The petition discloses a joint enterprise between plaintiff and defendants in setting out upon a journey for the purpose of inspecting a rooming house that plaintiff had rented from defendants; if there was a joint enterprise on the part of the parties then the negligence of one is imputable to the other and the plaintiff would not be entitled to recover damages. (Lauson v. Town of FonduLac, 123 N. W. 629; Granger v. Farrant, 146 N. W. 218; Kenneshaw v. Detroit United Ry. Co., 135 N. W. 903; Washington & O. D. Ry. v. Zell's Adm'x., 88 S. W. 309; Derrick v. S. L. O. Ry. Co., 168 Pac. 335; Lawrence v. D. & R. G., 174 Pac. 817; Wentworth v. Waterbury, 96 Atl. 334; Beaucage v. Mercer, 92

N. E. 774; Lechhead v. Jensen, 129 Pac. 347; Berry on Automobiles, pp. 365-366.) The rule applied to persons engaged in a joint enterprise in the use of an automobile, is that the contributory neglect of one is a bar to recovery by the other, if it be within the scope of a joint undertaking. (2 R. C. L. Sec. 43, p. 1208; Beaucage v. Mercer, 92 N. E. 774, 138 A. S. R. 401; Hampel v. Detroit, Etc. R. Co., 110 A. S. R. 280; Washington & O. D. Ry. v. Zell's Adm'x., 88 S. E. 309.) The question of joint enterprise is one for the court and an order for a directed verdict should have been given. (Wentworth v. Town of Waterbury, 96 Atl. 334.) Where a number of traveling men arranged with the owner of a car to reach their destination by the use of the car, sharing the expenses between them, the negligence of the owner and driver was imputed to all. (Derrick v. S. L. & O. Ry. Co., 168 Pac. 335; Atwood v. Ry. Co., 140 Pac. 137; Martindale v. O. S. L. R. Co., 160 Pac. 275; Lawrence v. Denver & R. G. R. R. Co., 174 Pac. 819; Berry on Automobiles, p. 364; Railway v. Bowles, 24 S. E. 388.) Plaintiff assumed whatever risk was incident to reckless driving of the car after having an opportunity to leave the car and failing to do so.

*S. E. Phelps,* for defendant in error.

The petition does not disclose a joint enterprise; there was no community interest in the operation of the car and plaintiff had no voice in its control, management or operation. (Cunningham v. City of Thief River Falls, 84 Minn. 21, 86 N. W. 763; Town of Knightstown v. Musgrove, 116 Ind. 121, 18 N. E. 452; Derrick v. S. L. & O. Ry. Co., 168 Pac. 335.) The authorities cited by plaintiffs in error, of course, state the rule as to imputed contributory negligence, where a joint enterprise is shown, but under the facts in the present case it has no application. For example: A husband and wife driving to town to purchase family supplies are not engaged in a joint enterprise in the sense that his negligence as a driver can be imputed to her. (Hojsek

v. Chicago etc. R. R. Co., 94 N. W. 609.) A similar illustration may be found in Kopletz v. St. Paul, 90 N. W. 794, and in Martindale v. Ry. Co., 160 Pac. 275. Lawrence v. D. & R. G. R. R. Co., cited by plaintiffs in error, turned upon contributory negligence and not upon a joint enterprise and imputed negligence. The evidence is not before this court. The case is here on a question as to the sufficiency of the petition. Defendant in error is entitled to maintain this action and recover damages. Secs. 4975, 4976, 4978 C. S. and this, even though her husband is not joined with her in the suit. It was the duty of plaintiffs in error to so manage the automobile while defendant in error was riding in it, as not to increase the danger either by violation of that duty toward her or by violating the law, and defendant in error had a right to rely upon the performance of that duty and an obedience of the law by plaintiffs in error and in so relying she was not negligent. (Ellis v. Traction Co., 174 Pac. 407 ; Morenox v. Traction Co., 18 Pac. 800; Central Ry. Co. v. DeBusley, 261 Fed. 561.) If plaintiffs in error by the exercise of care could have avoided the injury they are liable. (Thorpe v. Co., 175 Pac. 240; Larkin v. Beach Co., 83 Pac. 686; Johnson v. Evans, 170 N. W. 220.) The special defenses of assumption of risk and contributory negligence were not pleaded by plaintiffs in error. (20 R. C. L. 183; C. B. & Q. R. R. Co. v. Cook, 18 Wyo. 43, 102 Pac. 657.) Plaintiffs in error were obligated to exercise care. (20 R. C. L. 43; Sherman & Redfield on Negligence, Sec. 59; Ebling v. Nielson, 186 Pac. 887.) The motion for new trial was filed out of time and was properly stricken. (Casteel v. State, 9 Wyo. 267, 62 Pac. 348; Boswell v. Bliler, 9 Wyo., 277, 62 Pac. 350; Todd v. Peterson, 13 Wyo. 513, 181 Pac. 878; Blonde v. Merriam, 21 Wyo. 513, 133 Pac. 1076.)

Riner, District Judge.

This is an action for negligence based upon the claim that the defendants, who were operating an automobile on a trip from Glenrock, Wyoming, to Lusk, Wyoming, were negli-

gent in such operation, which negligence caused injuries to the plaintiff. An amended petition was filed in the cause, and a general demurrer interposed thereto. This being overruled the issues in the case were made up, trial was had to a jury, and a verdict was rendered in favor of the plaintiff, defendant in error here. Upon this verdict the judgment was duly entered, review of which by this court is sought in this proceeding.

No bill of exceptions presenting the testimony and evidence taken in the cause appears in the record, and the sole question to be determined here, under the assignments set out in the petition in error, is whether the amended petition states facts sufficient to constitute a cause of action as against the defendants.

The following situation is disclosed by the amended petition; On May 18th, 1918, an agreement was entered into between the defendant in error, hereinafter referred to as the plaintiff, and the plaintiff in error D. W. Ryan, one of the defendants below, that the plaintiff should rent from the said Ryan certain property situated in Lusk, Wyoming, on certain terms in the amended petition set out. It is then alleged in the amended petition:

"that said defendant promised to go to Lusk, Wyoming, on May 20, 1918 and turn said property over to the plaintiff, and invited plaintiff and her two daughters to accompany him, which invitation was accepted by them. That thereafter on May 20, 1918, acting upon said arrangement between plaintiff and the defendant Ryan whereby plaintiff was to occupy said property in Lusk, Wyoming, and the said invitation of the defendant Ryan for plaintiff and her daughters to accompany him to Lusk, Wyoming, the plaintiff and her two daughters and each of the defendants aforesaid started from Glenrock, Wyoming, to Lusk, Wyoming, in a five-passenger Ford automobile furnished by the defendants or one of them, over a public highway used for travel between said places, which automobile was driven at all times on said trip by the defendant R. E. Dea."

Following these allegations, it is charged that during the course of the journey the automobile was negligently and carelessly driven by the defendant, Dea, through driving the same at a speed "in reckless disregard for the life and limb of the occupants of said automobile," and generally that the driving was handled in such a negligent, careless and reckless manner, which is described in some extended detail, that the automobile was overturned, plaintiff was thrown out, and suffered injury. The extent of the injuries and sundry damages are then pleaded, as well as the duty of the defendants and each of them to operate and manage the automobile so as not to injure the plaintiff.

The ground on which it is claimed that the petition fails to state a cause of action, and because of which the judgment should be reversed, is that the amended petition discloses a joint enterprise on the part of the plaintiff and the defendants. The rule of law is then invoked that where parties are engaged in a joint enterprise each is acting as the agent for the other, and the negligence of one is imputed to the other. Consequently it is urged that neither of the parties could recover damages for injuries incurred through the negligence of any of the others. A number of cases are cited in support of this contention, most of which will be found upon examination to be actions against third parties, and the question of whether the plaintiff was at the time of the accident complained of engaged in a joint enterprise was important only as it affected the liability of the plaintiff for the negligence of his companion or companions; that is, the case turned upon the question of imputed contributory negligence.

The clear weight of authority as to what constitutes a joint enterprise in a negligence case of this character has been well set out by the Supreme Court of California in the case of Bryant v. Pacific Electric Ry. Co., 174 Cal. 737, 164 Pac. 385, where the following language was used at page 386:

"But in order that there be such a joint undertaking it is not sufficient merely that the passenger or occupant of the machine indicate to the driver or chauffeur the route he may wish to travel, or the places to which he wishes to go, even though in this respect there exists between them a common enterprise of riding together. The circumstances must be such as to show that the occupant and the driver together had such control and direction over the automobile as to be practically in the joint or common possession of it."

The Supreme Court of Minnesota has announced the rule in substantially similar language as follows:

"Parties cannot be said to be engaged in a joint enterprise within the meaning of the law of negligence, unless there be a community of interest in the objects or purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management."

(Cunningham v. City of Thief River Falls, 84 Minn, 21, 86 N. W. 763.)

To the same effect is St. Louis, etc. Company v. Bell, 58 Okla. 84, 159 Pac. 336, and cases cited therein.

Cyc. declares the rule to be:

"To constitute a common or joint purpose within the rule as to imputed negligence, there should· be a joint interest or community of interest in the object or purposes of the undertaking and a clear right to direct and govern the movements and conduct of each other in respect thereto. Each must have some voice and right to be heard in its control and management." (29 Cyc. 543, and cases there cited.)

Applying the rule thus well stated ·by the different authorities it is quite apparent that the amended petition falls far short of making a case within the rule.

We have quoted verbatim that portion of the amended petition which throws any light whatsoever upon whether or not this was a joint enterprise undertaken by the parties to this suit. It is quite plain that there is no allegation in

the pleading attacked which in any way shows that there was an equal right on the part of the plaintiff with the defendants to direct and govern the movements and conduct of the automobile or the person who was driving it. It merely ·appears that the plaintiffs in error furnished an automobile, the plaintiff was invited to accompany them to Lusk, and that one of the defendants recklessly drove the car and that the injuries resulted therefrom.

Such a state of facts established a liability, so far as the statement of a cause of action is concerned, on the part of those who were in charge of the automobile to the plaintiff who was injured, the rule governing that subject being that one who uses an automobile is liable for injury through the operation of the car by him to an invited guest, if he fails to exercise care reasonably commensurate with the nature and hazard attending such mode of travel, he being under a duty not to unreasonably expose the guest to danger and injury by increasing such hazard.   (Perkins v. Galloway, 194 Ala. 265, 69 So. 875, and extensive list of cases cited.)

Mention has been made that most of the cases cited in the brief of plaintiffs in error are cases where the action was against a third person. While it is not necessary to decide in this case whether there might be liability when the action is sought to be maintained by one against another of associates engaged in a common enterprise of this kind, it is interesting to observe the following language used in a case in many ways similar to the facts of the case at bar, entitled Wilmes v. Fournier, 180 N. Y. S. 860:

·   ''The fact whether there is a joint enterprise is one of importance in the class of· cases cited, when the action is against a third ·person; but, as between themselves, I know of no rule of law that throws a mantle of protection over the tortious acts of an associate in a joint enterprise or in a partnership.  Suppose one person assaults his copartner; is the wrongdoer immune from liability because they were engaged at the time of the assault in a partnership business?

Suppose that, while engaged in the partnership business, one partner conducts himself so carelessly as, except for such partnership relations, would give a right of action; is the wrongdoer not liable to the injured partner? True, they are in a sense each acting as agent for the other; but does not an agent owe the duty of care towards his principal, and a principal towards his agent? (Citing cases.)

A joint enterprise or partnership is not for the purpose of permitting one of the parties thereto to commit a tort upon his associates.''

It results from what has been said that the judgment should be affirmed.

BLUME, J., and METZ, District Judge, concur. Potter, C. J., being ill, and Kimball, J., being disqualified, did not sit, and District Judges P. W. Metz and William A. Riner were called in to sit in their stead.