## COLLINS v. ANDERSON*
### (No. 1301; November 18, 1927; 260 Pac. 1089)

APPEAL AND ERROR—DIRECTED VERDICT—NEGLIGENCE—LIABILITY FOR AUTOMOBILE INJURY.

1. In considering whether trial court was justified in directing verdict for defendant, Supreme Court must accept as true, evidence in favor of plaintiff, together with reasonable inferences therefrom, and then determine whether such evidence and inferences would support verdict for plaintiff; conflicts in evidence being for jury.

2. Evidence *held* sufficient to take to jury question whether upsetting of automobile, causing death of occupant, was due to defendant's negligence in driving down grade on rough and sandy highway, at high rate of speed, with defective steering gear.

3. That automobile which upset, causing occupant's death, was being used by deceased and driver, as candidates for office, to attend political meeting, for which purpose it was provided by party committee, did not absolve driver from duty owed other occupants to use reasonable care, and hence was not ground for directing verdict for him in death action on theory that they were engaged in mutual enterprise and had equal voice in control of car.

4. Evidence that deflation of automobile tire might have caused defendant to lose control of car *held* not to warrant directed verdict for him in action for death of occupant when car upset; plaintiff being entitled to have case go to jury on her theory that accident was caused by defendant's negligence in driving car at high speed down grade, on rough road, with defective steering gear.

*See Headnotes: (1) 4 C. J. p. 765 n. 88; (2) 42 C. J. p. 1256· n. 68; (3) 42 C. J. p. 1057 n. 59; (4) 42 C. J. p. 1243 n. 4.

ERROR to District Court, Park County; PERCY W. METZ, Judge.

Action by Clara F. Collins, executrix of the last will and testament of W. S. Collins, deceased, against Charles W.

Anderson. Judgment for defendant, and plaintiff brings error.

*C. A. Zaring* and *Thomas M. Hyde* and *E. E. Enterline,* for plaintiff in error.

The direction of a verdict for defendant was erroneous; defendant and others were not engaged in a joint enterprise, Ryan v. Snyder, 29 Wyo. 146; occupants of an automobile having no control over the driver, are not engaged with him in a joint enterprise and have an action for injuries due to his negligence. Beard v. Klusmeier, (Ky.) 164 S. W. 319; 2 R. C. L. 43; Lockhead v. Jensen, 129 Pac. 347; St. Louis Co. v. Bell, 159 Pac. 336; Allen v. Co., (Wash.) 165 Pac. 99; Dodge v. Salinger, (Wash.) 217 Pac. 1014. Where there is evidence to support a theory of liability as well as non-liability for accident, both should be submitted upon proper instructions, Cerrillos Co. v. Deserant, (N. M.) 49 Pac. 807; s. c. 55 Pac. 290 (reversed in 178 U. S. 409). The operator of an automobile owes a duty of reasonable care in its operation to occupants of the car, Perkins v. Galloway, (Ala.) 69 So. 875; L. R. A. 1916 E. 1190; Spring v. McCabe, (Calif.) 200 Pac. 41; Bauer v. Griess, 108 Atl. 771; Tenn. Co. v. Van Hoy, 226 S. W. 229; 20 A. L. R. 1014; Liston v. Reynolds, (Mont.) 223 Pac. 507; Railway Co. v. Ives, 144 U. S. 408; Cameron v. Co., (Mont.) 56 Pac. 458; Midland Co. v. Gibson, (Okla.) 221 Pac. 100; Olmstead v. City, (Wash.) 109 Pac. 604. Questions of fact must be passed upon by jury. Boswell v. Bank, 16 Wyo. 161; Prickett v. Sherman, 205 Pac. 250; Wagner v. Donald, (Mont.) 214 Pac. 1099; Kelly v. Hamilton, (Okla.) 189 Pac. 535; Messman v. Wilt, 217 Pac. 412; Phillips v. Classan, (Okla.) 219 Pac. 708; Hicks v. Co., (Ore.) 220 Pac. 133. Contradictions in the evidence are to be weighed by the jury, Commeaus v. Co., (Vt.) 80 Atl. 51; Calwell v. Co., (Ia.) 115 N. W. 605; Bank v. Huddelson, (Ore.) 144 Pac. 494. A verdict should not be di-

rected unless there is no conflict in the evidence, and that introduced demands a particular verdict. Ins. Co. v. Co., (Ga.) 55 S. E. 11. The court erred in receiving testimony as to the speed of the car at the time of the accident. Opitz v. Schenck, (Calif.) 174 Pac. 40; Spring v. McCabe, (Calif.) 200 Pac. 41. Negligence is clearly charged in the petition. Surviving heirs may recover for death by wrongful act. Mizen v. Co., (Mont.) 100 Pac. 971; Anderson v. Wirkman, (Mont.) 215 Pac. 224.

*C. W. Axtell, R. N. Matson,* and *C. A. Swainson,* for defendant in error, filed no brief.

Before Potter, Justice, Burgess and Tidball, District Judges.

Burgess, District Judge.

This is an action brought by Clara F. Collins, as Executrix of the last will and testament of W. S. Collins, deceased, against Charles W. Anderson to recover damages for the death of said decedent caused by the alleged negligence of Anderson while driving an automobile which upset while Collins was an occupant.

The allegations of the amended petition charging the defendant with negligence are in substance that the car in question was in an unsafe, dangerous and defective condition to drive and operate in that the steering gear was out of repair, worn and loose of which the defendant had knowledge; that he drove said car on a rough and sandy portion of the highway and upon a down grade thereon at a high and dangerous rate of speed, namely, between 25 and 30 miles per hour, and that by reason of the defective steering gear and the high rate of speed over this particular portion of the highway the defendant lost control of the car causing it to upset, and causing Collins injuries which resulted in his death.

The answer was a general denial coupled with a further defense that Collins, the defendant and others were at the time of the accident engaged in a mutual or common enterprise and that all had an equal right in the direction or control of the automobile in question.

The trial was before a jury but upon the conclusion of all the evidence in the case the court, upon the motion of the defendant, directed a verdict in his favor. The plaintiff has brought the case here by proceedings in error.

Four grounds were set forth in the motion. They are in substance: First, that the defendant, and the decedent were engaged in a mutual enterprise in which they were interested and in which they had an equal right and voice in the control of the automobile in question. Second, conceding for the motion only that the evidence shows negligence for which the defendant is liable, it also shows that the overturning of the car might have been caused by a puncture in the right front tire for which he would not be liable and that to submit the case to the jury would be to permit them to conjecture as to the cause of the accident. Third, that the evidence wholly fails to disclose any negligence or want of care in the operation of the automobile at the time of the accident. Fourth, that the evidence fails to show the death of Collins was caused by the injury complained of.

In considering whether the trial court was justified in taking the case from the jury we must accept as true the evidence in favor of the plaintiff together with such inferences as might reasonably be drawn therefrom, and then determine whether such evidence and such inferences would support a verdict in the plaintiff's favor if such a one were returned by the jury. We are not concerned with conflicts in the evidence. That is for the jury. Our only inquiry is whether the evidence in the plaintiff's favor if believed by the jury would, with the reasonable inferences therefrom, warrant a verdict in her favor.

The evidence in the case shows that while the defendant was not the owner of the car in question, a Ford, he was driving it at the time of the accident and had driven it that day and the day before; that the steering gear was worn and loose, and that the car would not respond to the wheel as it should; that the defendant had knowledge of it before the accident; that the car overturned at the bottom of a stretch of road which was about 5% down grade; that this stretch was about 215 feet long, was rough and at the bottom sandy; that the road made a left turn at the bottom; that just as the defendant started down this sloping piece of road a car came up from behind and the driver therein honked his horn which was heard by the defendant who speeded up his car; that the front wheels of the car then commenced to wobble and the car itself went from one side of the road to the other, or as one witness put it the car was jumping; when it reached the bottom it was about two feet out of the road to the right; it then turned abruptly to the left, upset and catching Collins caused him injuries which resulted in his death. The speed of the car as it went down this slope and at the time it overturned was estimated by witnesses at 15 to 25 miles an hour. One of the occupants said "the fastest the car was going on the trip was at the time of the accident." There is also evidence that the defendant said after the accident, "I am through with fast driving, I have had my lesson."

There is no evidence in the record that the defendant, as he started down the slope, or after the car commenced to "wobble" put the car into a lower gear, or attempted to do so or applied the brakes or attempted to do so, or did anything to check its speed, except as he said, to turn off some of the gas.

This evidence, if believed by the jury, would, in our opinion, have justified them in finding that the upsetting of the car was due to the negligence of the defendant as

alleged in the petition, unless, of course, under other evidence in the case they found it was due to some other cause for which the defendant was not liable.

The car in question was furnished by the Republican County Central Committee of Big Horn County to the candidates for office of the Republican Party for their use in attending a political meeting. Both the defendant and the decedent were such candidates and the car was being used by them at the time of the accident for the purpose for which it was provided. These facts constituted the first ground of the motion to direct a verdict but we fail to see wherein they absolved the defendant of the duty he owed the other occupants of the car to use reasonable care while operating it. This branch of the case is, we believe, disposed of by Ryan v. Snyder, 29 Wyo. 146, 211 Pac. 482.

Immediately after the accident the tire on the right front wheel of the car was found deflated or flat and there was some evidence that this might have caused the defendant to lose control of the car. This evidence furnished the basis of the second ground of the motion referred to. The plaintiff, however, was entitled to have the case go to the jury on her theory as to the cause of the accident as shown by the evidence and the fact that the defendant had another theory, no matter how plausible under the evidence, was no ground for taking the case from the jury.

There was sufficient evidence, if believed by the jury to warrant a finding that the proximate cause of the death of the decedent was the injury received by him in the upsetting of the automobile.

We are satisfied that the case should have been submitted to the jury.

For the reasons above given the judgment of the lower court will be reversed and the case remanded for a new trial.

*Reversed and Remanded.*

TIDBALL, District Judge, concurs.

Potter, Justice.

I entertain serious doubt of the sufficiency of the evidence for submission to the jury upon each of the questions in issue, viz: the alleged negligence of the defendant in driving at an excessive speed; the alleged defect in the steering gear of the car, and the alleged cause of the accident. It seems to me that the evidence as to negligence and the condition of the steering gear should be considered in connection with and as affected by the fact that the parties were engaged in a common enterprise, and with a car not belonging to defendant, as known by all the parties, but furnished for the purpose of attending a political meeting in the country by the local Central Committee of the party holding such meeting, who hired and paid for its use. Such evidence should be considered also, it seems to me, in connection with the testimony of the owner of the car as to its condition before and after the accident, who, after the accident, went to the place where it occurred, noticed the condition of the car, and took it to Basin. He testified, as a witness for defendant, that there was nothing wrong with the steering gear when he turned it over to the Committee; that when he went to the scene of the accident he found the front right wheel and the arm of the steering wheel broken; that he found two nails in the right front tire, and it was flat; that he put on another wheel and brought the car back to Basin under its own power, having tied the arm of the steering wheel to it; that he owned the car several years after that, and drove it; that he had nothing done to the steering gear, "except the wheel put back on where it belongs"; that the steering gear was all right and was not loose; that he finally sold the car to a man who drove it to California.

It is true there were differences of opinion stated in the evidence as to the speed of the car as driven by defendant, but I cannot regard the same as so far conflicting as to

require a submission of the matter to the jury. There was very little if any testimony except a mere estimate if not guess work that the speed at any time, and certainly not when the accident occurred, was as great as 25 miles per hour; the lowest rate of speed alleged in the petition. One of the witnesses for plaintiff, if not the only one, who testified ''as his best judgment'' to 25 miles, also testified as a witness for defendant, and then said that his estimate of 25 miles was a mere guess. Most of such estimates by the witnesses was from 12 to 15 or 15 to 20 miles per hour.

I am inclined to the opinion that a submission of the case to the jury might have allowed a verdict based upon mere conjecture as to each of the issues involved. I dislike thus to disagree with the conclusion of my associates at the hearing of the case; and shall refrain from a positive dissent, for my feeling is rather that of doubt of the correctness of said conclusion; though I think I might have been content to concur in an affirmance of the judgment.